IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## STATE OF TENNESSEE v. BRUCE BOWEN

**Circuit Court for Lewis County**
**No. 2025-CR-69**

_____

**No. M2026-00620-CCA-R8-CO**

_____

## ORDER

This matter is before the Court upon motion of the Defendant, Bruce Bowen, for review of the trial court's order denying his motion to reduce his pretrial bond. *See* Tenn. R. App. P. 8; Tenn. Code. Ann. § 40-11-144. The State opposes. For the reasons discussed below, the Defendant's motion is denied.

## Background

According to the information contained in the instant motion, the Defendant is charged with twelve counts of the sale and/or delivery of methamphetamines. Tenn. Code Ann. § 39-17-434. The Defendant's pretrial bond is set at $650,000. On January 30, 2026, the Defendant filed a motion in the trial court to reduce that amount to $75,000. The State filed a response in opposition. On April 7, 2026, the trial court filed a "Case Status Order." In addition to commenting on other aspects of the case, that order states: "Motion to reduce bond is denied for reasons state[d] on the record." Presumably, the trial court held a hearing on the motion to reduce bond. The Defendant did not attach to the instant motion the transcript of that hearing, however.

## Pretrial Release

Article I, section 15 of the Tennessee Constitution guarantees a defendant the right to bail in all except capital cases. *See State v. Burgins*, 464 S.W.3d 298, 306 (Tenn. 2015); *see also* Tenn. Code Ann. § 40-11-102 ("Before trial, all defendants shall be bailable by sufficient sureties, except for capital offenses where the proof is evident or the presumption great."). To that end, a general sessions or trial court has the authority to release a defendant prior to trial on his or her own personal recognizance, upon an unsecured bond

or "[w]ith conditions of release, pursuant to this section and § 40-11-116, which may include the deposit of bail." Tenn. Code Ann. § 40-11-115(a)(1).

If the court determines conditions are necessary, then it "must impose the least onerous conditions reasonably likely to ensure the safety of the community and the defendant's appearance in court." Tenn. Code Ann. § 40-11-116(a). Those conditions may include "reasonable restrictions on the activities, movements, associations and residences of the defendant" and "any other reasonable restriction designed to ensure the safety of the community and the defendant's appearance, including, but not limited to, the deposit of bail pursuant to § 40-11-117." § 40-11-116(b)(2) and (3).

If a secured bond is ordered, bail "shall be set as low as the court determines is necessary to reasonably assure the appearance of the defendant as required." Tenn. Code Ann. § 40-11-118(a). Subsection (b) of 118 outlines the factors the court shall consider "in determining the amount of bond necessary to reasonably assure the appearance of the defendant while at the same time protecting the safety of the public." § 40-11-118(b).

"The trial court has very wide latitude in setting bail" and this Court should be "most reluctant to second-guess" the trial court's decision. *State v. Melson*, 638 S.W.2d 342, 358 (Tenn. 1982). Indeed, this Court reviews the actions of a trial court regarding the conditions of a defendant's release under an abuse of discretion standard. *See*, *e.g.*, Tenn. Code Ann. § 40-26-103. Our supreme court has stated that the abuse of discretion standard of review is a "less rigorous review" of a trial court's decision and does not permit this Court to substitute its judgment for that of the trial court. *State v. McCaleb*, 582 S.W.3d 179, 185 (Tenn. 2019) (quoting *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010)). "A trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that causes an injustice to the complaining party." *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010).

**Rule of Appellate Procedure 8**

Rule 8 provides the procedural framework for obtaining appellate review of a trial court's actions regarding a defendant's pretrial release. Tenn. Code Ann. § 40-11-144(a). In order for this Court to conduct its review, and because generally there is no record on appeal when a defendant seeks review of a trial court's actions in this type of situation, it is a defendant's responsibility to provide this Court with an *ad hoc* record of the proceeding below. As such, "[t]he motion for review shall be accompanied by a copy of the motion filed in the trial court, any answer in opposition thereto, and the trial court's written statement of reasons, and shall state: (1) the court that entered the order, (2) the date of the order, (3) the crime or crimes charged or of which defendant was convicted, (4) the

2

amount of bail or other conditions of release,  (5) the arguments supporting the motion, and (6) the relief sought."  Tenn. R. App. P. 8(a).

Rule 8(a) also provides this Court "on its own motion or on motion of any party, may order preparation of a transcript of all proceedings had in the trial court on the question of release."  *Id.*  To that end, the Defendant has filed a separate motion asking this Court to order preparation of the transcript of the hearing held on April 7, 2026.  The Defendant states that on April 14, 2026, he requested the court reporter to prepare that transcript, but he has not yet received a response.

## Discussion

The Defendant argues in his motion before this Court that the trial court abused its discretion in denying his request to reduce the amount of his pretrial bond.  He contends the trial court failed to appropriately consider his work history and his ties to the community.  The State argues in response that this Court cannot adequately review the trial court's decision based on the *ad hoc* record provided by the Defendant.  This Court agrees with the State.

When a trial court grants or denies a motion for a change in bail or other conditions of release, "*the court shall set forth in writing the reasons for its action*."  Tenn. Code Ann. § 40-11-143 (emphasis added); Tenn. R. App. P. 8(a) ("on entry of an order granting or denying a motion for a change in bail or other conditions of release, *the trial court shall state in writing the reasons for the action taken*") (emphasis added).  The "Case Status Order," wherein the trial court summarily denied the motion to reduce bond, does not comply with requirements of the applicable statute or rule.  Again, this Court reviews the decision of the trial court regarding a defendant's custody status under an abuse of discretion standard, and it cannot effectively do so in this instance based on the content, or lack thereof, of the current motion.  And although Rule 8 permits this Court to order preparation of the relevant transcript, there is no indication before the Court about the Defendant's financial status.  *See* Tenn. Code Ann. § 40-14-312 (only indigent defendants entitled to transcript of evidence at state's expense).  Thus, the Defendant's motion asking this Court to order preparation of the transcript of the April 7th hearing is denied.

It is the Defendant's duty to provide a sufficient record in support of his motion for review of the trial court's actions regarding the conditions of his pretrial release.  The Defendant has simply failed to do so here.

## Conclusion

3

Accordingly, the Defendant's Rule 8 motion must be denied at this time. The Defendant may renew his motion with adequate documentation, including a copy of a trial court order explaining, *in writing*, the reasons for the court's decision and the transcript of the April 7th hearing, if he chooses to do so. Costs are taxed to the Defendant.

The Clerk shall forward a copy of this order to the trial court.

Wedemeyer, P.J., Holloway, J., Easter, J.

4